```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                    MEMORANDUM AND ORDER
                                     Case No. 11-CR-405 (FB)
MARVIN JOHNSON,

                Defendant.
---------------------------------------------------x
```

**BLOCK, Senior District Judge:**

Marvin Johnson is currently serving a life sentence for murder in aid of racketeering and other crimes related to his affiliation with the "Hull Street Crew." The convictions and sentence were affirmed on appeal. *See United States v. McKenzie*, 749 F. App'x 29 (2d Cir. Sept. 12, 2018). Johnson now moves to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

Johnson advances a total of ten arguments. He acknowledges, however, that six of those arguments were raised and rejected on direct appeal. "A § 2255 motion may not relitigate issues that were raised and considered on direct appeal." *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Accordingly, the Court addresses the remaining arguments in turn.

1. **Plea Offer**

    First, Johnson argues that his trial counsel was constitutionally ineffective because he failed to convey a plea offer. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). The government agrees that it engaged in plea negotiations with defense counsel, but contends that no formal offer was ever conveyed. Johnson responds that defense counsel's "exact words" were that the government had offered a plea, "but I never brought it to your attention because I did not feel it was a favorable one." Pet'r's. Reply Mem. at 1.

    The Court need not resolve that factual dispute. Whether formalized or not, the plea agreement under discussion would have required Johnson to plead guilty to the murder of Kevin Obermuller. Johnson has repeatedly denied any involvement in that murder and continues to do so now. Those claims of innocence negate any probability that he would have accepted the plea if offered. *See Frye*, 566 U.S. at 147 ("[D]efendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel."); *Cullen v. United States*, 194 F.3d 401, 407-08 (2d Cir. 1999) (approving consideration of claims of innocence "as weighing against the credibility" of accepting a plea).

2

**2. § 924(c)**

Johnson next argues that the Court must vacate his conviction under 18 U.S.C. § 924(c), which prohibits use of a firearm in furtherance of a crime of violence or drug-trafficking crime. Johnson was convicted of conspiracy to commit a Hobbs Act robbery, which is no longer a qualifying crime of violence. *See United States v. Barrett*, 937 F.3d 126, 127-28 (2d Cir. 2019) (citing *United States v. Davis*, 139 S. Ct. 2319 (2019)). However, he was also convicted of a drug-trafficking crime, which unquestionably qualifies as a § 924(c) predicate. It is of no moment that the jury was not asked to specify the predicate for its § 924(c) verdict. Since the Court instructed the jury that the object of the robbery conspiracy was to steal the product and profit of narcotics traffickers, the robbery and narcotics conspiracies were inextricably intertwined. *Cf. United States v. Eldridge*, 2 F.4th 27, 39 (2d Cir. 2021) ("We conclude that Eldridge was not prejudiced by the district court's erroneous instruction with respect to the valid predicate crimes of violence, because the jury would have returned a guilty verdict on Count Seven even if it had been instructed that only attempted Hobbs Act robbery was a valid predicate under § 924(c).").

**3. Multiple Conspiracies**

Third, Johnson argues that the Court erred by failing to give the jury a "multiple conspiracy" instruction as to drug distribution. The government, however, proceeded on the theory that Johnson's drug dealing was part of the larger

3

distribution conspiracy of the Hull Street Crew. Although the evidence was not undisputed, it was sufficient to support the jury's verdict that Johnson was part of that conspiracy.

**4.     "Elements of the Offense"**

Finally, Johnson argues that the Court erred by not vacating his conviction on an unspecified count because the government failed to prove every element of the offense. As best the Court can glean, Johnson refers to the racketeering element of his conviction for murder in aid of racketeering. He argues, in essence, that his acquittal on counts of racketeering and racketeering conspiracy means that the government failed to prove an essential element of murder in aid of racketeering.

As the Court explained in connection with Johnson's post-trial motions, an acquittal on the racketeering charges does not necessarily imply a finding that Johnson was not part of the Hull Street Crew. To the contrary, "[t]he jury could have easily concluded that Johnson murdered Obermuller to enhance his position in the racketeering enterprise, but decided that he should not be held to the same level of culpability as John for the enterprise's activities." Mem. & O. of Jan. 23, 2017, at 12-13. That the jury was inclined to disregard the Court's instructions in Johnson's favor does not entitle him to a vacatur of its finding that he murdered Obermuller to establish or enhance his position in the Hull Street Crew.

4

For the foregoing reasons, Johnson's motion is denied.   Since he has failed to show a substantial violation of a federal right, a certificate of appealability will not issue.   *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                                      /S/ Frederic Block
                                                      FREDERIC BLOCK
                                                      Senior United States District Judge

Brooklyn, New York
November 18, 2021