```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                    MEMORANDUM AND ORDER
                                                     Case No. 11-CR-405 (FB)
MARVIN JOHNSON,

                Defendant.
---------------------------------------------------x
```

**BLOCK, Senior District Judge:**

Marvin Johnson is currently serving a life sentence for murder in aid of racketeering and other crimes related to his affiliation with the "Hull Street Crew." The convictions and sentence were affirmed on appeal. *See United States v. McKenzie*, 749 F. App'x 29 (2d Cir. Sept. 12, 2018).

The Court subsequently denied Johnson's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. *See United States v. Johnson*, 2021 WL 5398616 (E.D.N.Y. Nov. 18, 2021). Johnson now seeks reconsideration of that order pursuant to Federal Rule of Civil Procedure 59(e).

In his 38-page filing, Johnson argues, first, that the Court "overlooked the relevant facts and controlling decisions" concerning his claim that his attorney failed to convey a favorable plea offer. To the contrary, the Court noted a factual dispute as to whether a formal offer was extended, but found it unnecessary to resolve the dispute because it "would have required Johnson to plead guilty to the murder of

1

Kevin Obermuller." *Johnson*, 2021 WL 5398616, at *1. Even now, Johnson denies his involvement in that crime. *See* Def.'s Mem. of Law 5 ("Shaquan Johns . . . testified on direct examination that he himself along with another unknown individual were the ones that actually killed Kevin Obermuller.").

Second, Johnson argues that the Court "overlooked controlled decisions and the relevant facts" regarding his challenge to his § 924(c) conviction. With respect to that challenge, the Court acknowledged that a conspiracy to violate the Hobbs Act was no longer a predicate crime of violence, *see Johnson*, 2021 WL 5398616, at *1 (citing *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019)), but held that the robbery conspiracy was inextricably intertwined with a drug-distribution conspiracy that supported the § 924(c) charge.

Third, Johnson argues that the Court "overlooked controlling decisions and the relevant facts as well as the actual evidence" regarding his claim that the Court should have given a "multiple conspiracies" instruction because he was not part of the larger drug-distribution conspiracy charged in the indictment. As the Court explained, the evidence of Johnson's involvement in the Hull Street Crew's drug trade was "not undisputed, [but] was sufficient to support the jury's verdict that Johnson was part of that conspiracy." *Id.* at *2.

In sum, the Court addressed the merits of each of the arguments raised in Johnson's § 2255 motion. That Johnson disagrees with the Court's holdings is not

grounds for reconsideration. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

For the foregoing reasons, Johnson's motion for reconsideration is denied. Since he has failed to show a substantial violation of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 18, 2022